IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| DONNA M., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 22-cv-3093 |
| | ) |
| MARTIN O'MALLEY, Commissioner of Social Security,[1] | ) |
| | ) |
| Defendant. | ) |

## ORDER

**COLLEEN R. LAWLESS, United States District Judge:**

This is an action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for judicial review of Defendant Commissioner of Social Security's ("Commissioner") decision denying Plaintiff Donna M.'s application for Social Security disability benefits. Before the Court are Plaintiff's Brief in support of reversal and remand (Doc. 10), the Commissioner's Brief in support of affirmance (Doc. 14), Magistrate Judge Karen L. McNaught's Report and Recommendation (Doc. 15) recommending that the Commissioner's decision be affirmed, Plaintiff's Objection to the Report and Recommendation (Doc. 16), and the Commissioner's Response to Plaintiff's Objection (Doc. 17).

When a dispositive motion is referred to a magistrate judge, "[t[he magistrate judge must enter a recommended disposition." Fed. R. Civ. P. 72(b)(1); *see also* 28 U.S.C. § 636(b)(1)(C). A party may file written objections to the report and recommendation

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Martin O'Malley is substituted for his predecessor.

within 14 days. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). This Court reviews de novo "any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). Any unobjected portions of the report and recommendation are reviewed for clear error. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C).

In her decision, the Administrative Law Judge ("ALJ") found that Plaintiff had moderate limitations as to concentration, persistence, or pace. (Doc. 8 at 22). In considering Plaintiff's mental residual functional capacity ("RFC"), the ALJ found that Plaintiff is capable of: (1) understanding and remembering simple and intermediate instructions; (2) performing simple tasks with normal breaks that are not performed in tandem or as an integral part of a team; and (3) having occasional interaction with others. (*Id.* at 23). In arriving at that determination, the ALJ considered the findings of the state agency psychological consultants, Drs. DiPhonso and Dres, who determined Plaintiff "was capable of multi-step productive activity with modified social demands." (*Id.* at 30-31). The ALJ utilized those findings in arriving at the above RFC assessment. In the Report and Recommendation, Judge McNaught determined that while the ALJ's RFC did not properly account for Plaintiff's moderate limitation in concentration, the error was harmless. (*Id.* at 9-14).

Plaintiff's objection to the Report and Recommendation is based on the magistrate judge's determination that, while the Administrative Law Judge erred in accommodating

Plaintiff's moderate limitations in concentration, persistence, or pace, the error was harmless because the result on remand would be the same. (Doc. 16 at 1-4). Plaintiff alleges the magistrate judge erred in finding there was no evidence in the record that would support a revised RFC based on Plaintiff's reduced capacity to sustain concentration, persistence, and pace. (*Id.* at 2-3). Plaintiff claims her testimony, which was credited by the magistrate judge, addressed her inability to sustain work due to concentration problems. (*Id.* at 3). Because the ALJ's mental RFC limited her only with respect to the difficulty of tasks and instructions, Plaintiff asserts the failure to articulate concentration limitations that would have been a barrier to work constituted harmful error. (*Id.* at 3-4). Therefore, Plaintiff contends the administrative record includes evidence that supported greater limitations than noted in the RFC. (*Id.*) Plaintiff asks the Court to remand the matter so that the ALJ can reconsider the RFC. (*Id.* at 4).

In response, the Commissioner claims that the ALJ reasonably accommodated Plaintiff's moderate limitations in concentration, persistence, and pace. (Doc. 17 at 1-5). Thus, no harmless error analysis is necessary. (*Id.*)

As the Commissioner alleges, to the extent Plaintiff asserts that the magistrate judge erred in finding harmless error when none of the mental limitations noted in the ALJ's RFC assessment related to Plaintiff's ability to concentrate, persist, or maintain pace, the Listings contemplate that the limitations within the mental RFC are found within the rubric of concentrating, persisting, or maintaining pace. *See* 20 C.F.R. § Part 404, Subpart P, § 12.00(E). The Listing states as follows regarding the broad functional area of concentrating, persisting, or maintaining pace:

> This area of mental functioning refers to the abilities to focus attention on work activities and stay on task at a sustained rate. Examples include: Initiating and performing a task that you understand and know how to do; working at an appropriate and consistent pace; completing tasks in a timely manner, ignoring or avoiding distractions while working; changing activities or work settings without being disruptive; working close to or with others without interrupting or distracting them; sustaining an ordinary routine and regular attendance at work; and working a full day without needing more than the allotted number or length of rest periods during the day. These examples illustrate the nature of this area of mental functioning. We do not require documentation of all of the examples.

*Id.* The ALJ's RFC limitations fit within the Listing. The RFC limitation as to understanding and remembering simple and intermediate instructions concerns a claimant's ability to "focus attention on work activities" and "perform[] a task that you understand and know how to do." *Id.* The RFC limitation to performing simple tasks with normal breaks relates to the ability to "focus attention on work activities and stay on task at a sustained rate," "understand[ing] and know[ing] how to do" the work, and "working a full day without needing more than the allotted number or length of rest periods during the day." *Id.* Additionally, the limitations to tasks not performed in tandem or as an integral part of a team with only occasional interaction with others addresses a claimant's ability to "avoid[] distractions while working" and "working close to or with others without interrupting or distracting them." *Id.* For these reasons, the Court concludes that the ALJ's RFC restrictions accommodated Plaintiff's limitations in concentration, persistence, or pace. Accordingly, there was no error with respect to the ALJ's RFC finding, harmless or otherwise.

Additionally, the Report and Recommendation notes that, except for the opinions of Drs. DiPhonso and Dres, there is no evidence in the record that could substantiate

greater limitations in the RFC than those found by the ALJ. (Doc. 15 at 14). As this Court noted, the findings of those experts supported the ALJ's RFC assessment, which accommodated Plaintiff's limitations in concentration, persistence, or pace. Because the record contains no evidence that any doctor provided an opinion indicating greater limits than those found by the ALJ, the ALJ committed no error. *See Gedatus v. Saul*, 994 F.3d 893, 904 (7th Cir. 2021) ("A fundamental problem is she offered no opinion from any doctor to set . . . limits . . . greater than those the ALJ set."). Thus, there was no error for this additional reason.

Based on the foregoing, the Court concludes the ALJ committed no error, harmless or otherwise, in denying Plaintiff Donna M.'s application for social security benefits. For the reasons stated in this Order, the Court OVERRULES Plaintiff's Objection [Doc. 16] and ADOPTS the Report and Recommendation [Doc. 15], to the extent it recommends that the ALJ's decision be affirmed. Pursuant to the fourth sentence of 42 U.S.C. § 405(g), the Commissioner's decision denying Plaintiff's application for social security benefits is AFFIRMED.

Pursuant to Rule 25(d), the Clerk shall substitute Martin O'Malley, Commissioner of Social Security, as Defendant.

The Clerk of the Court will enter judgment and terminate this case.

ENTER: December 16, 2024

_____
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE